ANSTEAD, Judge,
dissenting in part:
The appellant, Charles E. Jones, was convicted of two counts' of shooting into a dwelling and is here challenging the sufficiency of the evidence identifying him as the guilty party. I believe the evidence as to Count I was insufficient. The state relied on circumstantial evidence. That evidence revealed that the dwelling house of Mr. and Mrs. Linton King was shot into on January 29 and February 3, 1976. As to the January 29 episode, which formed the basis for Count I, the only evidence identifying Jones as the offender was his ownership of the weapon that fired the shot. Other evidence produced at the trial showed that Jones’ father had threatened the Kings. When circumstantial evidence is relied upon to sustain a conviction, the proof must exclude any reasonable hypothesis of innocence. Mayo v. State, 71 So.2d 899 (Fla.1954). The circumstantial evidence presented here simply falls short.